Jamal Tooson, Esq. (SBN: 261373)
LESSEM, NEWSTAT & TOOSON, LLP
E-Mail: Jtooson@LNlegal.com
3450 Cahuenga Blvd. W., Ste. 102
Los Angeles, CA 90068
Telephone: (818) 582-3087
Facsimile: (818) 484-3087

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL ESPINOSA, an individual,<br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, GUILLERMO VIERA ROSA, and DOES 1-20, INCLUSIVE,<br><br>Defendants. | Case No.:<br><u>COMPLAINT FOR DAMAGES</u><br>1. CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983 – EXCESSIVE FORCE<br>2. CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983 – DENIAL OF MEDICAL CARE<br>3. CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983 – MUNICIPAL LIABILITY / FAILURE TO TRAIN<br>4. VIOLATION OF THE BANE ACT (CIV. CODE § 52.1)<br>5. NEGLIGENCE<br>6. ASSAULT AND BATTERY<br>7. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

1. Comes now, Plaintiff MICHAEL ESPINOSA, for his complaint against Defendants COUNTY OF LOS ANGELES, GUILLERMO VIERA ROSA, and DOES 1 through 20, inclusive, and hereby alleges as follows:

## INTRODUCTION AND GENERAL ALLEGATIONS

2. At all times alleged in this action, Plaintiff MICHAEL ESPINOSA ("Plaintiff" or "ESPINOSA") was a young man detained at Los Padrinos Juvenile Hall in Downey, California ("Los Padrinos"), under the jurisdiction of the juvenile court and under the exclusive care, custody, and supervision of the Los Angeles County Probation Department.
3. At all times alleged in this action, the Los Angeles County Probation Department was controlled and overseen by the County of Los Angeles.
4. Because Plaintiff was in custody, he was entirely dependent upon Defendants for his most basic human needs, including access to a restroom, medical care, and protection from physical harm. Defendants could not have been more aware of that dependence, and they exploited it.
5. On or about December 23, 2025, Plaintiff was booked into Los Padrinos. At intake and continuously thereafter, Defendants, including DOES 11 through 15, were informed of and aware that Plaintiff suffers from a bladder condition that requires him to urinate

frequently and that denying him timely access to a restroom would cause him serious physical harm.

6. Despite that knowledge, DOES 11 through 15 repeatedly refused Plaintiff's requests to use the restroom, forcing him to hold his urine for prolonged periods of time, and failed to provide Plaintiff with adequate medical care for his known bladder condition. Plaintiff's requests and complaints were ignored, dismissed, and met with indifference.

7. As a direct result of Defendants' refusal to allow Plaintiff to use the restroom and their failure to provide adequate medical care, Plaintiff developed a serious bladder infection and was hospitalized in or about January 2026. Plaintiff now requires the use of a catheter.

8. Then, on or about February 9, 2026, Plaintiff was brutally beaten by multiple Los Angeles County Probation Department staff members, herein referred to as DOES 1 through 10, inside Los Padrinos.

9. The incident began when a single probation staff member unlawfully placed his hands on Plaintiff, and Plaintiff reacted to defend himself in what amounted to a brief and minor physical altercation.

10. Multiple probation staff members, DOES 1 through 10, then responded and fully surrounded Plaintiff. At that point, Defendants had gained complete control of Plaintiff and the situation. Plaintiff was restrained, outnumbered, posed no threat to anyone, and verbally told staff that he was not resisting.

11. Rather than employing reasonable and proportional measures to secure a youth who was already under their control, DOES 1 through 10 escalated the encounter without any justification. They forcefully slammed Plaintiff to the ground and proceeded to kick and punch him repeatedly in the head and body while he lay defenseless. Plaintiff lost consciousness at the scene as a direct result of the blows to his head.

12. Those DOES 1 through 10 who did not personally strike Plaintiff stood by, watched the beating, and did nothing to stop it despite having a realistic opportunity to intervene.

13. Plaintiff was transported to the hospital, where medical providers determined that he had sustained life-threatening injuries, including a traumatic brain injury with active bleeding in the brain (intracranial hemorrhage). Bleeding in the brain is a medically emergent condition that places extreme pressure on brain tissue, disrupts normal neurological function, and carries a significant risk of permanent cognitive impairment, neurological deficits, stroke, and death. Plaintiff required urgent medical intervention and ongoing monitoring due to the risk of further brain swelling and long-term neurological deterioration.

14. As a result of the beating, Plaintiff now suffers permanent and severe impairments, including a traumatic brain injury that will affect his cognitive functioning, physical abilities, independence, earning capacity, and quality of life for the remainder of his life.

15. Plaintiff is informed and believes, and thereon alleges, that the entire encounter, including the use of force against him, was captured on one or more video recordings, including fixed surveillance cameras inside Los Padrinos. On March 12, 2026, Plaintiff

formally demanded that Defendant COUNTY identify, preserve, and retain all video footage, recordings, photographs, audio, reports, and electronically stored information depicting or relating to the incident, including all footage before, during, and after the beating.

16. Since notifying probation staff that he had retained an attorney, Plaintiff has been subjected to routine harassment by probation staff at Los Padrinos.

17. The beating of Plaintiff was not an aberration. Los Padrinos has been the site of a long, well-documented, and publicly known pattern of excessive force, staff-on-youth violence, and the neglect of detained youths' basic needs, all of which was known to Defendant COUNTY, Defendant VIERA ROSA, and DOES 16 through 20 long before Plaintiff set foot in the facility.

18. Plaintiff seeks compensatory damages, punitive damages as to the individual Defendants only, statutory damages and penalties, attorneys' fees, and costs from Defendants for violating rights guaranteed to Plaintiff by the United States Constitution, the California Constitution, and California law. Defendants are liable under 42 U.S.C. § 1983 for violations of the Fourteenth Amendment to the United States Constitution. Defendants are liable under state law pursuant to California Government Code §§ 815.2(a), 820(a), and 845.6, and California Civil Code § 52.1.

## JURISDICTION AND VENUE

19. This civil action is brought for the redress of alleged deprivations of rights under the laws of the State of California and of constitutional rights protected by 42 U.S.C. §§ 1983 and 1988 and the Fourteenth Amendment to the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343.

20. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Los Angeles, California.

21. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States, including 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

## PARTIES

22. Plaintiff MICHAEL ESPINOSA is an adult individual who is, and at all relevant times was, a resident of the County of Los Angeles, State of California. At all relevant times, Plaintiff was detained at Los Padrinos Juvenile Hall.

23. On March 12, 2026, Plaintiff timely presented a written claim for damages to Defendant COUNTY pursuant to California Government Code §§ 905, 910, and 911.2, arising from the events alleged herein. The claim has been rejected, either expressly or by operation of law. Plaintiff has exhausted and satisfied all state statutory requirements prior to filing this lawsuit.

24. At all times mentioned, Defendant COUNTY OF LOS ANGELES ("COUNTY") is and was a municipality duly organized and existing under the laws of the State of California. The Los Angeles County Probation Department ("LACPD") is an official subdivision of the COUNTY, and all staff members employed by said department are employees of Defendant COUNTY. Defendant COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including LACPD and its employees, contractors, and agents. At all relevant times, Defendant COUNTY was and is responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of LACPD complied with the laws of the United States and the State of California. Defendant COUNTY was and is the employer of Defendants VIERA ROSA and DOES 1 through 20.

25. Defendants GUILLERMO VIERA ROSA ("VIERA ROSA") and DOES 16 through 20 were at all relevant times administrators, policymakers, and supervisors of LACPD and Los Padrinos who possessed the power and authority, and were charged by law with the responsibility, to enact policies and to prescribe rules and practices concerning the operation of the County's juvenile detention facilities; the means by which the life,

health, and safety of detained youth were to be secured; the provision of medical care and access to basic necessities to detained youth; and the creation, maintenance, and enforcement of policies and procedures governing the use of force on detained youth. VIERA ROSA is sued in his individual capacity.

26. At all times relevant herein, Defendants DOES 1 through 10 were probation officers and staff members employed by LACPD and duly authorized employees of Defendant COUNTY assigned to Los Padrinos, who personally used force on Plaintiff on or about February 9, 2026, or who were present and failed to intervene to stop that force.

27. At all times relevant herein, Defendants DOES 11 through 15 were probation officers, staff members, and medical personnel employed by or acting on behalf of Defendant COUNTY at Los Padrinos who were responsible for Plaintiff's supervision, access to restroom facilities, and medical care between December 23, 2025, and February 2026.

28. At all relevant times herein, DOES 1 through 20, and each of them, were acting within the course and scope of their respective duties and with the complete authority and ratification of Defendant COUNTY, and were acting under color of law, to wit: under color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant COUNTY and the State of California. Each of these Defendants was charged with protecting the life, health, and safety of Plaintiff. Each individual Defendant is sued in his or her individual capacity.

29. At all times herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant named and unnamed in this Complaint.

30. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 20, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each fictitiously named Defendant is legally responsible, intentionally, negligently, or in some other actionable manner, for the events and happenings hereinafter referred to, and thereby legally caused the injuries, damages, and violations and/or deprivations of rights herein alleged. The identities of DOES 1 through 20 are known to Defendant COUNTY and are reflected in its incident reports, staffing records, and video recordings. Plaintiff will seek leave of Court to amend this Complaint to state the true names and capacities of said fictitiously named Defendants when they have been ascertained.

## FIRST CLAIM FOR RELIEF

**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

**EXCESSIVE FORCE AND FAILURE TO INTERVENE**

**(FOURTEENTH AMENDMENT)**

**(Against Defendants DOES 1 through 10)**

31. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 30.

32. This cause of action is brought to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and immunities secured to Plaintiff by the Fourteenth Amendment to the Constitution of the United States. The Due Process Clause of the Fourteenth Amendment protects youth detained in juvenile facilities from the use of force that is objectively unreasonable and from punishment of any kind.

33. Both prior to and during the beating, Plaintiff posed no reasonable or credible threat of violence or injury to any Defendant or to anyone else. He had been surrounded and brought under complete control by multiple staff members, he was restrained, and he told staff that he was not resisting. Any legitimate need for force had ended before DOES 1 through 10 slammed him to the ground and kicked and punched him in the head and body until he lost consciousness.

34. The force used by DOES 1 through 10 was excessive, objectively unreasonable, and wholly disproportionate to any conceivable need for force. Repeated kicks and punches to the head of a restrained and unresisting young man serve no legitimate penological or institutional purpose and constitute punishment.

35. Each of DOES 1 through 10 who did not personally strike Plaintiff was present, observed the unconstitutional force as it was being used, had a realistic opportunity to intervene, and failed to do so. Each such Defendant was an integral participant in the use of excessive force and is liable for it.

36. DOES 1 through 10 acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their actions, and purposefully with the intent to deprive Plaintiff of his federally protected rights and privileges, thereby warranting punitive and exemplary damages against DOES 1 through 10 in an amount to be proven at trial.

37. As a direct and proximate result of the actions of DOES 1 through 10, Plaintiff suffered a traumatic brain injury with intracranial hemorrhage and other permanent physical injuries; was placed in great fear for his life and physical well-being; has suffered and continues to suffer extreme and severe mental anguish and emotional distress; has incurred and will continue to incur past and future medical, rehabilitative, and life-care expenses; and has suffered a loss of future earning capacity, all in an amount to be determined according to proof at trial.

38. Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

**SECOND CLAIM FOR RELIEF**

**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

**DENIAL OF MEDICAL CARE AND INHUMANE CONDITIONS OF CONFINEMENT (FOURTEENTH AMENDMENT)**

**(Against Defendants DOES 11 through 15)**

39. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 38.

40. The Due Process Clause of the Fourteenth Amendment guarantees youth detained in juvenile facilities adequate medical care, reasonable safety, and access to the basic necessities of life, including the ability to use a restroom.

41. DOES 11 through 15 made intentional decisions with respect to the conditions under which Plaintiff was confined, including repeatedly refusing him access to a restroom and failing to provide adequate medical care for his known bladder condition.

42. Those conditions put Plaintiff at substantial risk of suffering serious harm. DOES 11 through 15 knew of Plaintiff's bladder condition and of his need for frequent restroom access, and a reasonable official in the circumstances would have appreciated the high degree of risk involved and the obvious consequences of denying a young man with a known bladder condition access to a restroom.

43. DOES 11 through 15 did not take reasonable available measures to abate that risk, even though doing so required nothing more than allowing Plaintiff to use the restroom and

referring him for appropriate medical care. Their conduct was objectively unreasonable and constituted deliberate indifference to Plaintiff's serious medical needs.

44. As a direct and proximate result of the conduct of DOES 11 through 15, Plaintiff developed a serious bladder infection, was hospitalized in or about January 2026, and now requires the use of a catheter, and has suffered physical pain, humiliation, and severe emotional distress, together with past and future medical expenses, in an amount according to proof at trial.

45. DOES 11 through 15 acted willfully, maliciously, and with reckless disregard and callous indifference to Plaintiff's rights and health, thereby warranting punitive and exemplary damages against them in an amount to be proven at trial.

46. Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## THIRD CLAIM FOR RELIEF

**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

**MUNICIPAL AND SUPERVISORY LIABILITY –**

**FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE**

**(Against Defendants COUNTY, VIERA ROSA, and DOES 16 through 20)**

47. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 46.

48. This cause of action is brought pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

49. At all relevant times, Defendant COUNTY, VIERA ROSA, and DOES 16 through 20 knew or should have known of the use of excessive force against detained youth by probation staff, and of the denial of medical care and basic necessities to detained youth, occurring at their juvenile detention facilities, including Los Padrinos. Rather than correcting these practices, Defendant COUNTY, VIERA ROSA, and DOES 16 through 20 consciously disregarded their duties and failed to adequately investigate, discover, discipline, and correct them, such that the use of excessive force against detained youth and the neglect of their basic needs became the de facto custom, practice, and policy of LACPD.

50. Prior to the incidents alleged herein, Defendants were placed on notice of this pattern through, among other things, numerous federal and state investigations of the County's juvenile detention facilities; findings by state oversight authorities that Los Padrinos was unsuitable for the confinement of youth; the 2025 criminal prosecution of dozens of Los Padrinos probation officers for orchestrating and permitting violence against detained youth; the March 2025 beating of a detained youth by five probation officers inside a Los Padrinos housing unit, which is the subject of pending federal litigation; and numerous prior claims and lawsuits arising from staff violence and neglect at Los Padrinos.

51. Despite this notice, Defendant COUNTY, VIERA ROSA, and DOES 16 through 20 failed to adequately train probation staff on the constitutional limits on the use of force

against detained youth, de-escalation, the duty to intervene, and the obligation to provide detained youth with medical care and access to basic necessities; failed to adequately supervise staff at Los Padrinos; failed to adequately staff the facility; and failed to discipline staff who used excessive force or neglected youth, thereby ratifying that conduct and signaling to staff that it would be tolerated.

52. The need for more and different training, supervision, and discipline was so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that Defendant COUNTY, VIERA ROSA, and DOES 16 through 20 were deliberately indifferent to the constitutional rights of detained youth such as Plaintiff. These policies, customs, and failures were the moving force behind the violations of Plaintiff's constitutional rights and his resulting injuries.

53. VIERA ROSA and DOES 16 through 20 are individually liable because they set in motion, knowingly acquiesced in, and failed to correct the customs and practices that caused Plaintiff's injuries, with deliberate indifference to the rights of detained youth, thereby warranting punitive and exemplary damages against VIERA ROSA and DOES 16 through 20 in an amount to be proven at trial.

54. As a direct and proximate result of the foregoing, Plaintiff was severely and permanently injured and damaged in an amount to be proven at trial.

55. By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff was required to and did retain counsel and requests payment by Defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. § 1988.

**FOURTH CLAIM FOR RELIEF**

**VIOLATION OF THE TOM BANE CIVIL RIGHTS ACT**

**(CAL. CIV. CODE § 52.1)**

**(Against All Defendants)**

56. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 55.

57. Defendant COUNTY is vicariously liable for the acts and omissions of its employees, including DOES 1 through 20, undertaken in the course and scope of their employment, pursuant to California Government Code §§ 815.2(a) and 820(a).

58. California Civil Code § 52.1 prohibits any person from interfering, or attempting to interfere, by threat, intimidation, or coercion, with the exercise or enjoyment of rights secured by the Constitution or laws of the United States or of the State of California.

59. By slamming Plaintiff to the ground and kicking and punching him in the head and body while he was restrained, surrounded, and not resisting, DOES 1 through 10 interfered with Plaintiff's rights under the Fourteenth Amendment to the United States Constitution and Article I, Sections 7 and 17 of the California Constitution to be free from excessive force and punishment, and his right under California Civil Code § 43 to be protected from bodily restraint and harm.

60. By deliberately and repeatedly refusing Plaintiff access to a restroom and to medical care despite knowing of his bladder condition, DOES 11 through 15 interfered with Plaintiff's

rights to adequate medical care and humane conditions of confinement under the Fourteenth Amendment to the United States Constitution and Article I, Sections 7 and 17 of the California Constitution.

61. The use of excessive force and the deliberate denial of a detained person's basic needs are themselves inherently coercive. Defendants acted with a specific intent to violate Plaintiff's rights, or at a minimum with reckless disregard for those rights.

62. As a direct and proximate result of Defendants' conduct, Plaintiff suffered the injuries and damages described herein. Plaintiff is entitled to actual damages, statutory damages, civil penalties, and attorneys' fees pursuant to California Civil Code §§ 52 and 52.1.

63. The individual Defendants acted willfully, maliciously, and with conscious disregard for Plaintiff's rights and safety, thereby warranting punitive and exemplary damages against the individual Defendants in an amount to be proven at trial.

**<u>FIFTH CLAIM FOR RELIEF</u>**

**STATE LAW NEGLIGENCE**

**(Against All Defendants)**

64. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 63.

65. Defendant COUNTY is vicariously liable for the acts and omissions of its employees, including DOES 1 through 20, undertaken in the course and scope of their employment, pursuant to California Government Code §§ 815.2(a) and 820(a).

66. Because Plaintiff was in custody and wholly dependent upon Defendants, Defendants stood in a special relationship with Plaintiff and owed him a duty of reasonable care to protect his health and safety, to refrain from using unreasonable force against him, and to provide him with medical care and access to basic necessities.

67. DOES 1 through 10 had a duty to exercise the reasonable and ordinary care expected of similarly situated probation officers in the use of force and in the execution of tactics and procedures for responding to and securing a detained youth. DOES 1 through 10 breached that duty by, among other things, failing to recognize that Plaintiff was under control and posed no threat, failing to de-escalate, using excessive and unreasonable force against a restrained and non-resisting young man, striking him in the head, and failing to intervene to stop the force used by others.

68. DOES 11 through 15 breached their duty of care by repeatedly refusing Plaintiff access to a restroom, failing to accommodate his known bladder condition, and failing to provide or summon medical care. DOES 11 through 15 knew, or had reason to know, that Plaintiff was in need of immediate medical care and failed to take reasonable action to summon such care, in violation of California Government Code § 845.6.

69. VIERA ROSA and DOES 16 through 20 breached their duty of care by negligently hiring, training, supervising, staffing, and retaining the probation staff who harmed Plaintiff.

70. As a direct and proximate result of the negligent acts and omissions of Defendants, Plaintiff suffered severe and traumatic physical, mental, and emotional injuries as described in this Complaint, in an amount according to proof at trial.

## SIXTH CLAIM FOR RELIEF

## STATE LAW ASSAULT AND BATTERY

**(Against Defendants COUNTY and DOES 1 through 10)**

71. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 70.

72. Defendant COUNTY is vicariously liable for the acts and omissions of its employees, including DOES 1 through 10, undertaken in the course and scope of their employment, pursuant to California Government Code §§ 815.2(a) and 820(a).

73. When DOES 1 through 10 surrounded Plaintiff after he had been brought under control and had told them he was not resisting, and then moved in to slam him to the ground and strike him, DOES 1 through 10 acted with the intent to cause harmful and offensive contact with Plaintiff, and threatened to do so in a manner that reasonably appeared to Plaintiff that they were about to carry out that threat. Plaintiff reasonably believed that he was about to be touched in a harmful and offensive manner, did not consent to such conduct, and was placed in immediate fear for his safety and his life.

74. By slamming Plaintiff to the ground and kicking and punching him in the head and body as described in the foregoing paragraphs, DOES 1 through 10 intentionally touched

Plaintiff in a harmful and offensive manner, with unreasonable force, and without his consent.

75. As a direct and proximate result of the wrongful, intentional, and malicious acts of DOES 1 through 10, Plaintiff suffered serious and permanent physical injuries, including a traumatic brain injury with intracranial hemorrhage, along with severe emotional anguish and distress. Plaintiff has required medical treatment and will require additional medical treatment and care for the rest of his life.

76. In unreasonably attacking and injuring Plaintiff, DOES 1 through 10 acted willfully, maliciously, oppressively, and with conscious disregard for Plaintiff's rights and safety, thereby warranting punitive and exemplary damages against DOES 1 through 10 in an amount to be proven at trial.

## **SEVENTH CLAIM FOR RELIEF**

### **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(Against Defendants COUNTY and DOES 1 through 15)**

77. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 76.

78. Defendant COUNTY is vicariously liable for the acts and omissions of its employees, including DOES 1 through 15, undertaken in the course and scope of their employment, pursuant to California Government Code §§ 815.2(a) and 820(a).

79. The conduct of DOES 1 through 15 as described herein, including beating a restrained and non-resisting young man into unconsciousness and repeatedly denying a detained young man with a known bladder condition the ability to use a restroom, was extreme and outrageous and exceeded all bounds of conduct tolerated in a civilized community. Defendants' abuse of their positions of authority over a detained youth who depended upon them for his safety and basic needs renders their conduct all the more outrageous.

80. DOES 1 through 15 intended to cause Plaintiff emotional distress or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress.

81. As a direct and proximate result of Defendants' conduct, Plaintiff suffered and continues to suffer severe emotional distress, including fear, anxiety, humiliation, and mental anguish, in an amount according to proof at trial.

82. DOES 1 through 15 acted willfully, maliciously, oppressively, and with conscious disregard for Plaintiff's rights, thereby warranting punitive and exemplary damages against them in an amount to be proven at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general damages according to proof;
2. For special damages, including past and future medical, rehabilitative, and life-care expenses, according to proof;
3. For loss of future earning capacity according to proof;

4. For exemplary and punitive damages against the individual Defendants only, in an amount sufficient to punish and deter and to make an example of those Defendants;
5. For statutory damages, civil penalties, and attorneys' fees pursuant to California Civil Code §§ 52 and 52.1;
6. For costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 on Plaintiff's federal claims;
7. For prejudgment and post-judgment interest as permitted by law; and
8. For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands that a jury be empaneled for the trial of this matter.

DATED October 30, 2026 LESSEM, NEWSTAT & TOOSON, LLP.

/s/ Jamal Tooson

JAMAL TOOSON
Attorneys for Plaintiff